IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MICHAEL PERRY SMITH and | ) | |
| STEPHANIE VICKERY SMITH, | ) | Case No. 04-53720 |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |

## MEMORANDUM OPINION

This matter came before the Court for hearing on June 20, 2007 upon the Amended Application for Compensation of Auctioneer/Appraiser Ted F. Swaim's Auction Sales (the "Application for Compensation"), filed on May 23, 2007 by Edwin H. Ferguson, Jr., the Chapter 7 Trustee herein (the "Trustee"), and the Objection to Trustee's Application for Compensation of Auctioneer/Appraiser Ted F. Swaim's Auction Sales (the "Objection"), filed on May 31, 2007 by America's Servicing Company ("ASC"), which requests that the Application for Compensation be denied. At the hearing, Stan H. Dick represented the above-referenced debtors (the "Debtors"), James C. Lanick represented ASC, and Edwin H. Ferguson, Jr. was present in his capacity as Trustee.

Based upon a review of the Application for Compensation and the Objection, the evidence and arguments presented at the hearing, and a review of the entire official file, the Court hereby finds and concludes as follows:

## FACTS

The Debtors filed this case on December 18, 2004. On their bankruptcy petition, the Debtors scheduled the value of real property known as 225 Stone Moss Lane, Winston-Salem,

North Carolina (the "Property"), which consists of a house and lot, in the amount of $165,000.00. On the petition date, the Property was purportedly encumbered by a first deed of trust in favor of ASC, as successor to Wells Fargo Mortgage, in the approximate amount of $160,000.00. The Trustee disputes the lien of ASC, which is the subject of an adversary proceeding pending before the Court.[1]

On December 20, 2006, the Trustee filed an Application to Employ Auctioneer/Appraiser (the "Application to Employ"), which requested the authority to employ Ted F. Swaim of Swaim's Auction & Real Estate Sales as an "auctioneer/appraiser" to "examine, appraise and/or sell publicly or privately" the Property and, ultimately, "to assist in the liquidation of" the Property. The Application to Employ requested that the estate be allowed to pay Mr. Swaim such commissions and expenses as the Court may approve up to ten percent of the gross sales receipts plus allowed expenses. On December 21, 2006, the Court entered an Order Authorizing Trustee to Employ Auctioneer/Appraiser (the "Employment Order"), which authorized Mr. Swaim "as auctioneer/appraiser/agent for the Trustee, to assist the Trustee upon the terms and conditions set forth in the Trustee's Application." The Employment Order also provides:

> [A]t completion of said services, upon consideration of the auctioneer's application for compensation, the Court may allow compensation different from the compensation provided for in the Trustee's Application if such terms and conditions prove to have been improvident in light of developments unanticipatable [sic] at the time of the fixing of such terms and conditions.

On January 24, 2007, the Trustee filed an Application for Private Sale of Real Property

---

[1] On February 26, 2007, ASC filed an adversary proceeding (case no. 07-6012) against the Debtors and the Trustee, requesting, among other things, a declaratory judgment that the deed of trust of ASC is valid and enforceable and, in the alternative, the imposition of a constructive trust on the Property.

(the "Motion for Sale"), which requested the authority to sell the Property to Johnny A. Spencer for $140,000.00, transfer all liens, claims and interests to proceeds of the sale, and subordinate all liens, claims and interests to Chapter 7 administrative expenses.  On February 2, 2007, ASC filed an objection to the Motion for Sale.   However, on March 21, 2007, the Court entered an Amended Order for Private Sale of Real Property and Order to Transfer Liens, Claims and Interests to Proceeds of Sale and to Subordinate All Liens, Claims, and Interests to Chapter 7 Administrative Expenses.  Thereafter, the Property was sold to Johnny A. Spencer for $140,000.00.

On May 23, 2007, the Trustee filed the Application for Compensation, requesting the authority to pay Mr. Swaim $14,000.00, which is ten percent of the gross sales price, and expenses of $196.00.  On May 31, 2007, ASC filed the Objection to Compensation.  On June 19, 2007, the United States Bankruptcy Administrator filed a recommendation that Mr. Swaim be paid compensation in the amount of $14,000.00 but did not address the requested expenses.

## ANALYSIS

The issue before the Court involves a determination, pursuant to 11 U.S.C. § 330(a)(1)(A), of the appropriate "reasonable" compensation due to Mr. Swaim, who performed services as the appraiser of and sales agent for the Property.  Consistent with the Employment Order, the Court is called upon to review Mr. Swaim's compensation in light of the circumstances surrounding the services that he actually performed.

The Trustee argued that Mr. Swaim should receive a commission of ten percent of the gross sales price of the Property plus reasonable expenses.  Mr. Swaim testified that he provided many services to the Trustee in handling the sale of the Property, including meeting with the

Trustee to review the sale of the Property, appraising the Property and determining a realistic market value of the Property, securing the Property against actions of others (e.g., changing the locks twice), and assisting the Trustee in obtaining an offer to purchase and a contract for the sale of the Property. Mr. Swaim further testified that real estate brokers in the area typically charge a commission of six percent for the sale of real property.

ASC argued that the Application for Compensation did not contain enough detail as to Mr. Swaim's services to justify a commission of ten percent and that Mr. Swaim should be awarded only the average commission of a real estate broker in this area, which is in the amount of five to six percent of the gross sales price. Weighing the testimony of Mr. Swaim, the other evidence presented, and the arguments of counsel, the Court finds that Mr. Swaim performed the services of a traditional real estate broker and should be awarded a commission of $8,400.00, equal to six percent of the gross sales price of the Property, plus expenses of $196.00. Such compensation is consistent with the commission typically received by other real estate brokers in the area for similar services.

This memorandum opinion constitutes the Courts' findings of fact and conclusions of law. A separate order will be entered pursuant to Fed. R. Bankr. P. 9021.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| MICHAEL PERRY SMITH and ) | |
| STEPHANIE VICKERY SMITH, ) | Case No. 04-53720 |
| ) | |
| Debtors. ) | |
| _____) | |

**PARTIES IN INTEREST**

Michael and Stephanie Smith

Ted F. Swaim

Stan H. Dick, Esquire

James C. Lanik, Esquire

Michael D. West, Bankruptcy Administrator

Edwin H. Ferguson, Jr., Trustee